THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| JOSE ANTONIO CHAVEZ,<br><br>　　　　　　　　　　Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　Respondent. | **MEMORANDUM DECISION AND ORDER DENYING MOTION UNDER 28 U.S.C. § 2255**<br><br>Case No. 4:22-cv-00092-DN<br><br>District Judge David Nuffer |

　　　　Petitioner Jose Antonio Chavez ("Chavez") filed a Petition to vacate his conviction pursuant to 28 U.S.C. § 2255.[1] Chavez asserts that his Constitutional Rights under the Fourth Amendment were violated when Utah Highway Patrol Trooper Adam Gibbs ("Trooper Gibbs") unreasonably initiated and prolonged the traffic stop that led to the discovery of methamphetamine in his rental car and his arrest. The government filed a Response[2] in opposition and Chavez filed a Reply.[3] Chavez's claims are barred because his claims were already considered and rejected by the District of Utah[4] and the United States Court of Appeals for the Tenth Circuit ("Tenth Circuit") on direct appeal.[5] Therefore, under the law-of-the-case doctrine and full-and-fair-review doctrine, Chavez's claims are DENIED and DISMISSED with prejudice.

---

[1] Petitioner's Motion to Vacate Prison Sentence, docket no. 1, filed December 6, 2022.

[2] Government Response to Vacate Prison Sentence ("Government Response"), docket no. 5, filed September 21, 2023.

[3] Petitioner's Reply Brief, docket no. 7, filed November 13, 2023.

[4] Order Denying Defendant's Motion to Suppress, docket no. 40, at 5-12, filed December 12, 2018; *United States v. Chavez*, No. 2:18-cr-00085-DN (D. Utah 2018).

[5] *United States v. Chavez*, No. 19-4121, 2021 WL 4438742 (10th Cir. Sept. 28, 2021).

### A.   FACTUAL AND PROCEDURAL BACKGROUND

#### 1.   Initial Encounter and Indictment

On February 8, 2018, Trooper Gibbs initiated a stop of Chavez's motor vehicle in Iron County after Chavez failed to signal for a full two seconds as Utah law required.[6] During the stop, Trooper Gibbs requested the rental documents for Chavez's motor vehicle.[7] Upon inspection, Trooper Gibbs learned that Chavez's rental agreement expired, and he was not authorized to drive the motor vehicle outside of Arkansas.[8] Trooper Gibbs became suspicious and asked dispatch if any K-9 units were available.[9] Trooper Gibbs also asked dispatch to run a background check and criminal history report on Chavez.[10] Initially, Trooper Gibbs was informed that no K-9 units were available.[11] However, while Trooper Gibbs waited for the criminal history report, Trooper Moore arrived with the K-9 unit.[12] Subsequently, the K-9 alerted the officers to the presence of drugs and dispatch notified Trooper Gibbs that Chavez had drug charges on his record.[13]

Trooper Gibbs approached Chavez and explained that he believed the trunk contained contraband.[14] Chavez proceeded to roll up his window, drive away, and lead the troopers on a high-speed car chase.[15] After approximately sixty miles, Trooper Gibbs successfully used his

---

[6] *Id.* at *1.

[7] *Id.*

[8] *Id.*

[9] *Id.*

[10] *Id.*

[11] *Id.*

[12] *Id.* at *2.

[13] *Id.* at *2.

[14] *Id.* at *2.

[15] *Id.* at *2.

patrol car to stop Chavez's car.[16] Chavez was arrested and placed in custody.[17] The troopers searched the rental car and found a safe in the trunk that contained ten sealed packages of methamphetamine.[18] In February 2018, a federal grand jury indicted Chavez on one count of possessing 500 grams or more of methamphetamine with intent to distribute.[19]

### 2. Motion to Suppress and Evidentiary Hearing

Chavez moved to suppress the evidence seized from the rental car.[20] Chavez argued that there was "no violation justifying a traffic stop" and Trooper Gibbs had unreasonably prolonged the stop in violation of Chavez's Fourth Amendment rights.[21] The district court denied Chavez's motion and held that: (1) the "traffic stop was justified in its inception"; and (2) Trooper Gibbs did not unreasonably prolong the stop.[22]

### 3. Appeal

After the denial of his Motion, Chavez conditionally pleaded guilty to possession of a controlled substance with intent to distribute while reserving the right to appeal the district court's denial of his suppression motion.[23] Chavez appealed "a single issue—whether the district court erred in denying a motion to suppress the evidence obtained from his rental vehicle."[24] Chavez argued that the District Court erred when it found that: (1) the officer had sufficient

---

[16] *Id.* at *2.

[17] *Id.* at *2.

[18] *Id.* at *2.

[19] Government Response, at 3.

[20] Chavez's Motion to Suppress Evidence, docket no. 24, filed August 15, 2018; *United States v. Chavez*, No. 2:18-cr-00085-DN (D. Utah 2018).

[21] Memorandum in Support of Chavez's Motion to Suppress Evidence, docket no. 37, filed November 2, 2018; *United States v. Chavez*, No. 2:18-cr-00085-DN (D. Utah 2018).

[22] *United States v. Chavez*, No. 2:18-CR-85-TS, 2018 WL 6523447, at *3 (D. Utah Dec. 12, 2018).

[23] *United States v. Chavez,* No. 19-4121, 2021 WL 4438742, at *1 (10th Cir. Sept. 28, 2021).

[24] *Id.*, at *2.

cause to detain Mr. Chavez; and (2) the detention was not unlawfully prolonged.[25] The Tenth Circuit affirmed the denial of Chavez's suppression motion and reasoned: (1) the traffic stop was justified at its inception based on Trooper Gibbs's reasonable belief that Chavez had violated the law; (2) the stop did not last longer than necessary because Trooper Gibbs "reasonably conduct[ed] the stop" under the totality of the circumstances.[26]

### 4.   Chavez's § 2255 Claim

On December 6, 2022, Chavez filed his petition to vacate his conviction.[27] Once again, Chavez argues that the: (1) the initial traffic stop was not supported by reasonable suspicion; and (2) Trooper Gibbs's actions exceeded the scope of the investigative detention.[28] The government argues Chavez is barred from relitigating the same Fourth Amendment claims that were considered and rejected by the District of Utah and the United States Court of Appeals for the Tenth Circuit.[29]

### B.   DISCUSSION

Chavez's Fourth Amendment arguments in his § 2255 Motion are barred because of the law-of-the-case doctrine and because he already had a full and fair opportunity to litigate his Fourth Amendment claims. Specifically, the Tenth Circuit already considered Chavez's claims that his Fourth Amendment rights were violated because the traffic stop of his motor vehicle was not justified, and that Trooper Gibbs unreasonably extended the traffic stop.[30] The Tenth Circuit

---

[25] *Id*.

[26] *Id.*

[27] Motion to Vacate Prison Sentence, docket no. 1, at 2, 4.

[28] Brief in Support of Brief in Support of Motion to Vacate Prison Sentence, docket no. 1-1, at 4, filed December 6, 2022; Motion for Judicial Notice, docket no. 2, at 2-4, filed December 6, 2022.

[29] Government Response, at 6-11.

[30] *Chavez*, 2021 WL 4438742 at *2-4.

held that Trooper Gibb's stop was justified at its inception, and "the district court did not err in finding that the traffic stop lasted no longer than necessary."[31]

### 1. Chavez's claims are barred under the law-of-the-case doctrine

"[U]nder the law-of-the-case doctrine, courts ordinarily would refuse to reconsider arguments presented in a § 2255 motion that were raised and adjudicated on direct appeal."[32] "Courts have recognized exceptions to the law of the case doctrine in three exceptionally narrow circumstances: (1) when the evidence in a subsequent trial is substantially different; (2) when controlling authority has subsequently made a contrary decision of the law applicable to such issues; or (3) when the decision was clearly erroneous and would work a manifest injustice."[33] Chavez's Motion asserts that: (1) his Fourth Amendment rights were violated by Trooper Gibbs's initial stop and Trooper Gibbs's decision to unreasonably prolong the stop; and (2) *United States v. Frazier*[34] (a decision the Tenth Circuit issued after his direct appeal) justifies an exception to the law-of-the-case doctrine because *Frazier* is contrary to the law applied by this court and by the Tenth Circuit court in his direct appeal.[35]

However, the law-of-the case doctrine applies to Chavez's Motion, and *United States v. Frazier* did *not* involve a contrary decision of the applicable law. Chavez's case does involve several similar facts and the same relevant legal issue as *United States v. Frazier* — whether a traffic stop by law enforcement was unreasonably extended in violation of the Fourth

---

[31] *Id.* at *2-4.

[32] *United States v. Trent*, 884 F.3d 985, 994–95 (10th Cir. 2018) (citing *Davis v. United States*, 417 U.S. 333, 342 (1974)).

[33] *United States v. Trent*, 884 F.3d 985, 995 (10th Cir. 2018) (internal quotation marks omitted).

[34] 30 F.4th 1165 (10th Cir. 2022).

[35] Brief in Support of Motion to Vacate Prison Sentence, at 2-4.

Amendment.[36] However, in *United States v. Frazier*, the Tenth Circuit merely reached a different conclusion based on a different set of facts.

Under the Fourth Amendment, an unlawful seizure occurs during a traffic stop when an officer: "(1) diverts from the traffic-based mission of the stop to investigate ordinary criminal conduct, (2) in a way that 'prolongs' (i.e., adds time to) the stop, and (3) the investigative detour is unsupported by any independent reasonable suspicion."[37] "Reasonable suspicion requires a particularized and objective basis for suspecting criminal conduct under a totality of the circumstances."[38] "While reasonable suspicion cannot be based upon a mere hunch, it also need not rise to the level required for probable cause, and it falls considerably short of satisfying a preponderance of the evidence standard."[39] "The government bears the burden of satisfying this standard, but it is not an onerous one."[40]

In *United States v. Frazier*, the Tenth Circuit held the trooper's efforts to arrange for a dog sniff diverted the traffic-based mission of the stop and thereby extended its duration.[41] The Tenth Circuit also reasoned that the investigative detour was unsupported by any independent reasonable suspicion. The Court held that the investigation beyond the traffic stop was not justified by these facts: (1) Mr. Frazier had a duffle bag in the back seat of his motor vehicle; (2) he failed to completely roll down his window during the stop; (3) he had trouble answering the trooper's abrupt questions; (4) he possessed identification cards from two different states; (5) he

---

[36] *United States v. Frazier* did not involve a challenge of the initial stop of the defendant.

[37] *United States v. Frazier*, 30 F.4th 1165, 1173 (10th Cir. 2022) (citing *Rodriguez v. United States*, 575 U.S. 348, 357-58 (2015)).

[38] *Id*. at 1174 (internal quotation marks omitted).

[39] *Id*. at 1174 (citations omitted).

[40] *Id*. at 1174 (citations omitted).

[41] *Id*. at 1173.

6

could not supply a rental agreement; and (6) he drove a rental car across the country.[42] The Tenth Circuit concluded that these six facts when viewed in aggregate did not provide a reasonable suspicion for the investigative detour, and therefore, the stop of Mr. Frazier violated the Fourth Amendment.[43]

In *United States v. Chavez*, the Tenth Circuit held the trooper acted reasonably during the traffic stop when he requested Chavez's criminal history report and a K-9 unit to travel to the scene of the stop.[44] The Tenth Circuit noted that the trooper requested the criminal history report of Chavez because: (1) Chavez was driving a rental car with an expired rental agreement; (2) Chavez urged the trooper to quickly end the stop; and (3) Chavez gave the trooper an implausible description of his travel plans.[45] The Tenth Circuit further reasoned that: (1) the criminal history check was reasonable because it would help the trooper understand whether Chavez might engage in violent activity during the stop; and (2) dispatch's failure to obtain this information in a more expedient manner was beyond the trooper's control.[46] Additionally, the Tenth Circuit reasoned the dog sniff did not unconstitutionally extend the stop because the trooper was still waiting for dispatch to provide the criminal history report when the dog sniff occurred.[47]

The law-of-the-case doctrine applies because the factual similarities between *United States v. Frazier* and *United States v. Chavez* do not constitute a "contrary decision of the law applicable" to the issues in Chavez's Motion.[48] The Tenth Circuit reached a different result in

---

[42] *Id.* at 1174-78.

[43] *Id.* at 1178.

[44] *United States v. Chavez*, No. 19-4121, 2021 WL 4438742, at *4-5 (10th Cir. Sept. 28, 2021).

[45] *Id.* at *4.

[46] *Id.* at *4.

[47] *Id.* at *5.

[48] *See Trent*, 884 F.3d at 995.

*United States v. Frazier* because that case involved different facts than *United States v. Chavez*. These cases apply the same standard to a different set of facts. The Tenth Circuit held that the trooper's suspicion of Frazier during his traffic stop was *not* reasonable given the factual circumstances, and the trooper's suspicion of Chavez during his traffic stop was reasonable given the factual circumstances. The fact that Trooper Gibbs was the law enforcement officer in both cases is not relevant in determining whether the law-of-the-case doctrine applies. To conclude, the law-of-the-case doctrine applies because Chavez already raised these arguments at the trial level and on appeal and because *Frazier* is not a contrary decision of the applicable law. Therefore, Chavez's current claim is non-cognizable.

### 2. Chavez's claims are not reviewable because he has already had a full fair opportunity to litigate his claims

"Fourth Amendment violations are not reviewable in a § 2255 motion when the federal prisoner has had a full and fair opportunity to litigate the Fourth Amendment claim at trial and present issues on direct appeal."[49] The phrase "full and fair litigation" means: "(1) the procedural opportunity to raise or otherwise present a Fourth Amendment claim, (2) a full and fair evidentiary hearing, and (3) recognition and at least colorable application of the correct Fourth Amendment constitutional standards."[50] In *United States v. Diaz*, the Tenth Circuit held it could not review Mr. Diaz's Fourth Amendment claim from his § 2255 motion because he had a full and fair opportunity to litigate his Fourth Amendment claims at trial and on direct appeal.[51]

Chavez's claims are not reviewable because he has had a full and fair opportunity to litigate his claims. On August 15, 2018, Chavez filed a Motion to Suppress that argued the

---

[49] *United States v. Lee Vang Lor*, 706 F.3d 1252, 1257 (10th Cir. 2013).

[50] *Quezada v. Raemisch*, 770 F. App'x 442, 444 (10th Cir. 2019) (internal quotation marks omitted) (citations omitted).

[51] *United States v. Diaz*, 598 F. App'x 591, 593 (10th Cir. 2015).

evidence seized from his motor vehicle should be suppressed under the Fourth Amendment because: (1) the initiated stop of Chavez's motor vehicle was unjustified; and (2) Trooper Gibbs unreasonably prolonged the traffic stop of Chavez's motor vehicle.[52] On December 12, 2018, the trial court denied Chavez's Motion and found that the traffic stop was justified at its inception and Trooper Gibbs did not unreasonably prolong the stop.[53] Chavez appealed and argued the trial court erred in denying his motion to suppress evidence.[54] The Tenth Circuit affirmed the denial of Chavez's suppression motion.[55] The Tenth Circuit agreed with the district court that: (1) the traffic stop was justified at its inception based on Trooper Gibbs's reasonable belief that Chavez had violated the law; and (2) the traffic stop lasted no longer than necessary.[56] Therefore, Chavez's claims are not reviewable because he already had a full and fair opportunity to litigate his claims.

## C. ORDER

IT IS HEREBY ORDERED that Chavez's Motion is DENIED and this case is DISMISSED with prejudice.

Signed December 18, 2023.

BY THE COURT

_____
David Nuffer
United States District Judge

---

[52] Memorandum in Support of Chavez's Motion to Suppress Evidence, docket no. 37, at 13-22, filed November 2, 2018; *United States v. Chavez*, No. 2:18-cr-00085-DN (D. Utah 2018).

[53] Order Denying Defendant's Motion to Suppress, docket no. 40, at 5-12, filed December 12, 2018; *United States v. Chavez*, No. 2:18-cr-00085-DN (D. Utah 2018).

[54] *Chavez*, 2021 WL 4438742, at *2.

[55] *United States v. Chavez*, No. 19-4121, 2021 WL 4438742, at *6 (10th Cir. Sept. 28, 2021).

[56] *Chavez*, 2021 WL 4438742, at *3, 5.